**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

---

**AMS-OSRAM INTERNATIONAL GMBH,**

              Plaintiff,

        v.

**NATURE FRESH FARMS USA, INC.,**

              Defendant.

Case No. 3:25-cv-00846-JRK

**DEMAND FOR JURY TRIAL**

---

**DEFENDANT NATURE FRESH FARMS USA, INC.'S**
**ANSWER AND COUNTERCLAIMS**

Nature Fresh Farms USA, Inc. ("Nature Fresh Farms"), for its answer to the complaint of ams-OSRAM International GmbH ("OSRAM"), states:

**THE PARTIES**

1.     Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2.     Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3.     Admitted.

**JURISDICTION AND VENUE**

4.     Nature Fresh Farms admits that the complaint purports to assert a claim for patent infringement, but Nature Fresh Farms denies any allegation or implication that Nature Fresh Farms has infringed any valid claim of any asserted patent. Nature Fresh Farms also admits that district courts have original jurisdiction of certain civil actions under 28 U.S.C. §§ 1331 and 1338(a). Nature Fresh Farms denies the remaining allegations of paragraph 4.

5.    Nature Fresh Farms admits that venue is proper in this district under 28 U.S.C. § 1400(b) because Nature Fresh Farms has a regular and established place of business in this judicial district.  Nature Fresh Farms denies the remaining allegations of paragraph 5.

## FIRST CLAIM FOR RELIEF
### (Alleged Infringement of U.S. Patent No. 7,435,999)

6.    In response to the allegations of paragraph 6, Nature Fresh Farms incorporates by reference its foregoing responses as if fully restated herein.

7.    Nature Fresh Farms denies that all the claims of the '999 Patent are valid.  Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies them.

8.    Denied.

9.    Nature Fresh Farms denies that it makes, uses, offers for sale, sells, or imports any products that infringe the '999 Patent.  Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 and therefore denies them.

10.    Denied.

11.    Denied.

## SECOND CLAIM FOR RELIEF
### (Alleged Infringement of U.S. Patent No. 9,859,463)

12.    In response to the allegations of paragraph 12, Nature Fresh Farms incorporates by reference its foregoing responses as if fully restated herein.

13.    Nature Fresh Farms denies that all the claims of the '463 Patent are valid.  Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies them.

14.    Denied.

15. Nature Fresh Farms denies that it makes, uses, offers for sale, sells, or imports any products that infringe the '463 Patent. Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and therefore denies them.

16. Denied.

17. Denied.

**THIRD CLAIM FOR RELIEF**
**(Alleged Infringement of U.S. Patent No. 9,917,229)**

18. In response to the allegations of paragraph 18, Nature Fresh Farms incorporates by reference its foregoing responses as if fully restated herein.

19. Nature Fresh Farms denies that all the claims of the '229 Patent are valid. Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 and therefore denies them.

20. Denied.

21. Nature Fresh Farms denies that it makes, uses, offers for sale, sells, or imports any products that infringe the '229 Patent. Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and therefore denies them.

22. Denied.

23. Denied.

**FOURTH CLAIM FOR RELIEF**
**(Alleged Infringement of U.S. Patent No. 10,026,871)**

24. In response to the allegations of paragraph 24, Nature Fresh Farms incorporates by reference its foregoing responses as if fully restated herein.

25. Nature Fresh Farms denies that all the claims of the '871 Patent are valid. Nature

Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies them.

26.     Denied.

27.     Nature Fresh Farms denies that it makes, uses, offers for sale, sells, or imports any products that infringe the '871 Patent. Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies them.

28.     Denied.

29.     Denied.

**FIFTH CLAIM FOR RELIEF**
**(Alleged Infringement of U.S. Patent No. 10,164,143)**

30.     In response to the allegations of paragraph 30, Nature Fresh Farms incorporates by reference its foregoing responses as if fully restated herein.

31.     Nature Fresh Farms denies that all the claims of the '143 Patent are valid. Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 and therefore denies them.

32.     Denied.

33.     Nature Fresh Farms denies that it makes, uses, offers for sale, sells, or imports any products that infringe the '143 Patent. Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies them.

34.     Denied.

35.     Denied.

## SIXTH CLAIM FOR RELIEF
### (Alleged Infringement of U.S. Patent No. 11,437,540)

36.    In response to the allegations of paragraph 36, Nature Fresh Farms incorporates by reference its foregoing responses as if fully restated herein.

37.    Nature Fresh Farms denies that all the claims of the '540 Patent are valid.  Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 and therefore denies them.

38.    Denied.

39.    Nature Fresh Farms denies that it makes, uses, offers for sale, sells, or imports any products that infringe the '540 Patent.  Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 and therefore denies them.

40.    Denied.

41.    Denied.

## SEVENTH CLAIM FOR RELIEF
### (Alleged Infringement of U.S. Patent No. 11,949,052)

42.    In response to the allegations of paragraph 42, Nature Fresh Farms incorporates by reference its foregoing responses as if fully restated herein.

43.    Nature Fresh Farms denies that all the claims of the '052 Patent are valid.  Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43 and therefore denies them.

44.    Denied.

45.    Nature Fresh Farms denies that it makes, uses, offers for sale, sells, or imports any products that infringe the '052 Patent.  Nature Fresh Farms is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 and therefore

denies them.

46. Denied.

47. Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Nature Fresh Farms denies that Plaintiff is entitled to any of the relief sought in the prayer for relief because Nature Fresh Farms does not and has not infringed any of the asserted patents and because the asserted claims of the asserted patents are invalid. Nature Fresh Farms therefore denies Plaintiff's prayer for relief in its entirety.

## AFFIRMATIVE AND OTHER ADDITIONAL DEFENSES

## FIRST DEFENSE

The complaint fails to state a cause of action for which relief can be granted.

## SECOND DEFENSE

As an end-user of the accused products, which it purchased from a third-party supplier, Nature Fresh Farms does not infringe and has not infringed under any theory (including jointly, directly, willfully, contributorily, or by inducement) any valid claim of the '999, '463, '229, '871, '143, '540 and '052 Patents, as discussed in Nature Fresh Farms' counterclaims below, which are incorporated herein by reference.

## THIRD DEFENSE

One or more claims of the '999, '463, '229, '871, '143, '540 and '052 Patents, are invalid, as discussed in Nature Fresh Farms' counterclaims below, which are incorporated herein by reference, for failing to comply with the conditions for patentability set forth in 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

**FOURTH DEFENSE**

Under 35 U.S.C. § 287, Nature Fresh Farms is not liable to Plaintiff for any alleged damages that occurred before Plaintiff provided actual notice of the '999, '463, '229, '871, '143, '540 and '052 Patents to Nature Fresh Farms.

**FIFTH DEFENSE**

Under 35 U.S.C. § 286, Nature Fresh Farms is not liable to Plaintiff for any alleged damages for infringement that allegedly occurred more than six years before the filing of the complaint.

**SIXTH DEFENSE**

Under 35 U.S.C. §§ 154 and 284, Nature Fresh Farms is not liable to Plaintiff for any alleged damages for infringement that allegedly occurred after the expiration of any of the allegedly infringed patents.

**SEVENTH DEFENSE**

Plaintiff's attempted enforcement of the '999, '463, '229, '871, '143, '540 and '052 Patents against Nature Fresh Farms is barred in whole or in part by the equitable doctrines of estoppel, waiver, acquiescence, and/or other equitable doctrines.

**EIGHTH DEFENSE**

Nature Fresh Farms has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

**NINTH DEFENSE**

Plaintiff is precluded from asserting infringement under the doctrine of equivalents because any such infringement theory would encompass or "ensnare" the prior art.

7

## TENTH DEFENSE

Plaintiff is precluded from asserting infringement under the doctrine of equivalents by the doctrine of prosecution history estoppel.

## ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to sue for infringement of the asserted patents.

## RESERVATION OF RIGHTS

Nature Fresh Farms reserves the right to assert all additional defenses that may be determined during the course of discovery.

## COUNTERCLAIMS

Defendant Nature Fresh Farms, for its counterclaims against Plaintiff OSRAM, states:

## THE PARTIES, JURISDICTION, AND VENUE

1.      Nature Fresh Farms is a Michigan corporation with a principal place of business in Delta, Ohio.

2.      Upon information and belief, OSRAM is organized and existing under the laws of Germany and has its principal place of business in Regensburg, Bavaria, Germany.

3.      The below claims are for declaratory judgment of noninfringement and invalidity of the '999, '463, '229, '871, '143, '540 and '052 Patents under 28 U.S.C. §§ 2201 and 2202.

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over OSRAM because, among other things, OSRAM has asserted the '999, '463, '229, '871, '143, '540 and '052 Patents in this jurisdiction against Nature Fresh Farms in the complaint.

6.      For at least the same reasons, venue is proper in this district under 28 U.S.C. § 1391.

7.     This dispute arises out of an actual controversy between OSRAM and Nature Fresh Farms.  OSRAM alleges in this litigation that it is the owner of the '999, '463, '229, '871, '143, '540 and '052 Patents and that Nature Fresh Farm allegedly infringes one or more claims of each patent.

8.     Nature Fresh Farms is in the business of growing and selling fresh produce.  In the ordinary course of its business, it purchased commercially available lighting systems from a third-party supplier for use in its greenhouses.  This lawsuit is not a dispute between competitors.  Rather, it is an action brought by a global technology conglomerate, OSRAM, against a farm that is merely the end-user of a product.  OSRAM has improperly targeted a customer instead of litigating its patent claims against the product's manufacturer, Agrolux, which is the proper party to this dispute.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '999 Patent)

9.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

10.    The '999 Patent and each of its claims are invalid under one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

11.    For example, claim 25 of the '999 Patent is invalid under 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Patent No. 7,109,527 and/or U.S. Patent No. 6,791,119.

12.    In addition, claim 25 of the '999 Patent is invalid under 35 U.S.C. § 103 as obvious over at least each of these prior art references in view of itself and/or in view of each other because it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 25.

13.    In addition, claim 25 of the '999 Patent is invalid under 35 U.S.C. § 112 at least

because "at least one trench formed on the rear side" and "trench defines a partial region" fail to inform a person skilled in the art of the scope of the claim with reasonable certainty.

14.    There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the validity of claims of the '999 Patent, including at least claim 25.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Noninfringement of the '999 Patent)**

15.    Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

16.    Nature Fresh Farms is not infringing and has not infringed claims of the '999 Patent as alleged by OSRAM, including claim 25—the only claim identified by OSRAM as allegedly infringed.

17.    For example, Nature Fresh Farms does not infringe at least claim 25 of the '999 Patent at least because the product that OSRAM accused of infringement does not meet the limitations of "at least one trench formed on the rear side," "electrical rear side contacts on the rear side formed only in said partial region," or "trench defines a partial region."

18.    Moreover, claims of the '999 Patent, including claim 25, are invalid and therefore cannot be infringed.

19.    There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the alleged infringement of the '999 Patent.

20.    OSRAM knows or should know that Nature Fresh Farms has not and is not in any way infringing the '999 Patent. This is thus an exceptional case entitling Nature Fresh Farms to an award of its attorneys' fees under 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '463 Patent)

21.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

22.     The '463 Patent and each of its claims are invalid under one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

23.     For example, claim 1 of the '463 Patent is invalid under 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Pub. No. 2010/0127635 and/or KR 10-1312404.

24.     In addition, claim 1 of the '463 Patent is invalid under 35 U.S.C. § 103 as obvious over at least each of these prior art references in view of itself and/or in view of each other because it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 1.

25.     In addition, claim 1 of the '463 Patent is invalid under 35 U.S.C. § 112 at least because "the current spreading layer comprises a patterning" fails to inform a person skilled in the art of the scope of the claim with reasonable certainty.

26.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the validity of claims of the '463 Patent, including at least claim 1.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '463 Patent)

27.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

28.     Nature Fresh Farms is not infringing and has not infringed claims of the '463 Patent as alleged by OSRAM, including claim 1—the only claim identified by OSRAM as allegedly

11

infringed.

29.     For example, Nature Fresh Farms does not infringe at least claim 1 of the '463 Patent at least because the product that OSRAM accuses of infringement does not meet the limitations of "a current spreading layer is arranged on a radiation exit face of the semiconductor body; the current spreading layer connects electrically conductively to a contact structure for external electrical contacting of the semiconductor layer."

30.     Moreover, claims of the '463 Patent, including claim 1, are invalid and therefore cannot be infringed.

31.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the alleged infringement of the '463 Patent.

32.     OSRAM knows or should know that Nature Fresh Farms has not and is not in any way infringing the '463 Patent.  This is thus an exceptional case entitling Nature Fresh Farms to an award of its attorneys' fees under 35 U.S.C. § 285.

<u>FIFTH CLAIM FOR RELIEF</u>
(Declaratory Judgment of Invalidity of the '229 Patent)

33.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

34.     The '229 Patent and each of its claims are invalid under one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.     For example, claim 19 of the '229 Patent is invalid under 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Patent No. 8,823,031 ("the '031 Patent").

36.     In addition, claim 19 of the '229 Patent is invalid under 35 U.S.C. § 103 as obvious over at least the '031 Patent in view of itself and/or in view of U.S. Pub. No. 2013/0168721, U.S. Patent No. 8,513,687, and/or U.S. Patent No. 8,963,177 because it would have been obvious to

one of ordinary skill in the art at the time of the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 19.

37.     In addition, claim 19 of the '229 Patent is invalid under 35 U.S.C. § 112 at least because "spaced apart" and "separates the second metallic contact layer from the transparent electrically conductive contact layer" fail to inform a person skilled in the art of the scope of the claim with reasonable certainty.

38.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the validity of claims of the '229 Patent, including at least claim 19.

### SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '229 Patent)

39.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

40.     Nature Fresh Farms is not infringing and has not infringed claims of the '229 Patent as alleged by OSRAM, including claim 19—the only claim identified by OSRAM as allegedly infringed.

41.     For example, Nature Fresh Farms does not infringe at least claim 19 of the '229 Patent at least because the product that OSRAM accuses of infringement does not meet the limitations of "separating layer, which is arranged between the transparent electrically conductive contact layer and the second metallic contact layer and which separates the second metallic contact layer from the transparent electrically conductive contact layer"; "wherein the separating layer is spaced apart from the first metallic contact layer" or "a second metallic contact layer, which completely covers the first metallic contact layer."

42.     Moreover, claims of the '229 Patent, including claim 19, are invalid and therefore

13

cannot be infringed.

43.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the alleged infringement of the '229 Patent.

44.     OSRAM knows or should know that Nature Fresh Farms has not and is not in any way infringing the '229 Patent.  This is thus an exceptional case entitling Nature Fresh Farms to an award of its attorneys' fees under 35 U.S.C. § 285.

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '871 Patent)

45.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

46.     The '871 Patent and each of its claims are invalid under one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

47.     For example, claim 1 of the '871 Patent is invalid under 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Patent No. 7,588,981 and/or U.S. Patent No. 10,879,303.

48.     In addition, claim 1 of the '871 Patent is invalid under 35 U.S.C. § 103 as obvious over at least each of these prior art references in view of itself and/or in view of each other because it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 1.

49.     In addition, claim 1 of the '871 Patent is invalid under 35 U.S.C. § 112 at least because "arranged on," "first lateral region," "second lateral region," and "third lateral region" fail to inform a person skilled in the art of the scope of the claim with reasonable certainty.

50.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the validity of claims of the '871 Patent, including at

14

least claim 1.

## EIGHTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '871 Patent)

51.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

52.     Nature Fresh Farms is not infringing and has not infringed claims of the '871 Patent as alleged by OSRAM, including claim 1—the only claim identified by OSRAM as allegedly infringed.

53.     For example, Nature Fresh Farms does not infringe at least claim 1 of the '871 Patent at least because the product that OSRAM accuses of infringement does not meet the limitations of "a contact area arranged on the surface in the first lateral region" or "a first layer comprising a dielectric arranged on the surface in the third lateral region."

54.     Moreover, claims of the '871 Patent, including claim 1, are invalid and therefore cannot be infringed.

55.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the alleged infringement of the '871 Patent.

56.     OSRAM knows or should know that Nature Fresh Farms has not and is not in any way infringing the '871 Patent.  This is thus an exceptional case entitling Nature Fresh Farms to an award of its attorneys' fees under 35 U.S.C. § 285.

## NINTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '143 Patent)

57.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

58.     The '143 Patent and each of its claims are invalid under one or more of the

15

conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

59.     For example, claim 15 of the '143 Patent is invalid under 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Pub. No. 2009/0121245 ("the '245 Publication") and/or U.S. Patent No. 7,649,193 ("the '193 Patent").

60.     In addition, claim 15 of the '143 Patent is invalid under 35 U.S.C. § 103 as obvious over at least each of the '245 Publication and/or the '193 Patent in view of itself and/or in view of U.S. Pub. No. 2010/0181583 and/or U.S. Patent No. 7,838,892 because it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 15.

61.     In addition, claim 15 of the '143 Patent is invalid under 35 U.S.C. § 112 at least because "an encapsulation layer arranged between the first connection layer and the carrier" fails to inform a person skilled in the art of the scope of the claim with reasonable certainty.

62.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the validity of claims of the '143 Patent, including at least claim 15.

## TENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '143 Patent)

63.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

64.     Nature Fresh Farms is not infringing and has not infringed claims of the '143 Patent as alleged by OSRAM, including claim 15—the only claim identified by OSRAM as allegedly infringed.

65.     For example, Nature Fresh Farms does not infringe at least claim 15 of the '143 Patent at least because the product that OSRAM accuses of infringement does not meet the

limitations of "an encapsulation layer arranged between the first connection layer and the carrier, wherein the encapsulation layer is metallic, and wherein the encapsulation layer is composed of a plurality of metallic layers, and wherein each of the plurality of metallic layers directly contacts an adjacent layer of the plurality of metallic layers."

66.     Moreover, claims of the '143 Patent, including claim 15, are invalid and therefore cannot be infringed.

67.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the alleged infringement of the '143 Patent.

68.     OSRAM knows or should know that Nature Fresh Farms has not and is not in any way infringing the '143 Patent. This is thus an exceptional case entitling Nature Fresh Farms to an award of its attorneys' fees under 35 U.S.C. § 285.

## ELEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '540 Patent)

69.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

70.     The '540 Patent and each of its claims are invalid under one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

71.     For example, claim 1 of the '540 Patent is invalid under 35 U.S.C. § 102 as anticipated by, among other prior art, U.S. Patent No. 10,468,554, WO 2013/011415, DE 10 2009 006177.7 A1, and/or U.S. Pub. No. 2014/0061702.

72.     In addition, claim 1 of the '540 Patent is invalid under 35 U.S.C. § 103 as obvious over at least each of these prior art references in view of itself and/or in view of each other because it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to combine their teachings and each such combination discloses each of the limitations of claim 1.

17

73.     In addition, claim 1 of the '540 Patent is invalid under 35 U.S.C. § 112 at least because "carrier has a metallic carrier layer that is … mechanically stabilizes the component," "configured to compensate for internal mechanical strains in the component," "a semiconductor layer facing away from the carrier," and "a further semiconductor layer facing the carrier" fail to inform a person skilled in the art of the scope of the claim with reasonable certainty.

74.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the validity of claims of the '540 Patent, including at least claim 1.

### TWELFTH CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '540 Patent)**

75.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

76.     Nature Fresh Farms is not infringing and has not infringed claims of the '540 Patent as alleged by OSRAM, including claim 1—the only claim identified by OSRAM as allegedly infringed.

77.     For example, Nature Fresh Farms does not infringe at least claim 1 of the '540 Patent at least because the product that OSRAM accuses of infringement does not meet the limitations of "carrier has a metallic carrier layer that … mechanically stabilizes the component" or "the carrier has a compensating layer directly adjacent to the metallic carrier layer and is configured to compensate for internal mechanical strains in the component."

78.     Moreover, claims of the '540 Patent, including claim 1, are invalid and therefore cannot be infringed.

79.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the alleged infringement of the '540 Patent.

18

80.     OSRAM knows or should know that Nature Fresh Farms has not and is not in any way infringing the '540 Patent.  This is thus an exceptional case entitling Nature Fresh Farms to an award of its attorneys' fees under 35 U.S.C. § 285.

### THIRTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '052 Patent)

81.     Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

82.     The '052 Patent and each of its claims are invalid under one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

83.     For example, claim 1 of the '052 Patent is invalid under 35 U.S.C. § 102 as anticipated by, among other prior art, Song, Junyeob, "Fabrication and Characterization of Edge-Emitting Semiconductor Lasers" (2014), *Graduate Theses – Physics and Optical Engineering*, Paper 1 ("Song 2014").

84.     In addition, claim 1 of the '052 Patent is invalid under 35 U.S.C. § 103 as obvious over at least Song 2014 in view of itself and/or in view of U.S. Patent No. 7,825,029 because it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to combine their teachings and such combination discloses each of the limitations of claim 1.

85.     In addition, claim 1 of the '052 Patent is invalid under 35 U.S.C. § 112 at least because "the electrically insulating separation layer that is facing away from the semiconductor layer sequence" and "a continuous metallization layer positioned on a side of the adhesion-promoting layer that is facing away from the semiconductor layer sequence" fail to inform a person skilled in the art of the scope of the claim with reasonable certainty.

86.     There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the validity of claims of the '052 Patent, including at

19

least claim 1.

## FOURTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '052 Patent)

87.    Nature Fresh Farms incorporates the foregoing paragraphs by reference as though fully set forth herein.

88.    Nature Fresh Farms is not infringing and has not infringed claims of the '052 Patent as alleged by OSRAM, including claim 1—the only claim identified by OSRAM as allegedly infringed.

89.    For example, Nature Fresh Farms does not infringe at least claim 1 of the '052 Patent at least because the product that OSRAM accuses of infringement does not meet the limitations of "an adhesion-promoting layer provided next to the plurality of openings, and positioned on a side of the electrically insulating separation layer that is facing away from the semiconductor layer sequence" or "a continuous metallization layer positioned on a side of the adhesion-promoting layer that is facing away from the semiconductor layer sequence."

90.    Moreover, claims of the '052 Patent, including claim 1, are invalid and therefore cannot be infringed.

91.    There is an actual, substantial, and continuing justiciable controversy between OSRAM and Nature Fresh Farms regarding the alleged infringement of the '052 Patent.

92.    OSRAM knows or should know that Nature Fresh Farms has not and is not in any way infringing the '052 Patent.  This is thus an exceptional case entitling Nature Fresh Farms to an award of its attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Nature Fresh Farms requests a judgment:

A.    Declaring that Nature Fresh Farms does not infringe any claims of the '999, '463,

20

'229, '871, '143, '540, or '052 Patents;

      B.      Declaring that claims of each of the '999, '463, '229, '871, '143, '540, and '052 Patents are invalid;

      C.      Declaring that Nature Fresh Farms is not liable in any way for the relief sought in the complaint, denying OSRAM all such relief, and dismissing the complaint with prejudice;

      D.      Declaring that this is an exceptional case under 35 U.S.C. § 285 and entering a judgment awarding Nature Fresh Farms its costs and attorneys' fees; and

      E.      Awarding such other and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

      Nature Fresh Farms demands a trial by jury for all issues so triable.

Dated: July 7, 2025                Respectfully submitted,

/s John F. Bennett
John F. Bennett (0074506)
Paul M. Ulrich (00071520) (*pro hac vice* to be filed)
Paul J. Linden (0083699)
Derek M. Freitas (0099154) (*pro hac vice* to be filed)
FROST BROWN TODD LLP
301 East Fourth Street, Suite 3300
Cincinnati, OH 45202
513-651-6423
jbennett@fbtlaw.com
pulrich@fbtlaw.com
plinden@fbtlaw.com
dfreitas@fbtlaw.com

Christopher J. Harnett (*pro hac vice* to be filed)
John M. Hintz (*pro hac vice* to be filed)
FROST BROWN TODD LLP
205 East 42nd Street, Suite 1900
New York, NY 10017
332-207-4600
charnett@fbtlaw.com
jhintz@fbtlaw.com

*Attorneys for Defendant*
*Nature Fresh Farms USA, Inc.*