# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **AMS-OSRAM INTERNATIONAL GMBH**, <br><br> Plaintiff, <br><br> v. <br><br> **NATURE FRESH FARMS USA INC.**, <br><br> Defendant. | Civil Action No. 3:25-cv-00846 <br><br> PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS <br><br> **JURY TRIAL DEMANDED** |

## AMS OSRAM'S REPLY TO COUNTERCLAIMS ASSERTED BY NATURE FRESH

Plaintiff ams-OSRAM International GmbH ("ams OSRAM") hereby provides its Reply to Counterclaims asserted by Defendant Nature Fresh Farms USA Inc. ("Nature Fresh"). ams OSRAM denies the allegations of the Counterclaims unless expressly admitted in the following paragraphs regarding U.S. Patent No. 7,435,999 ("the '999 Patent"), U.S. Patent No. 9,859,463 ("the '463 Patent"), U.S. Patent No. 9,917,229 ("the '229 Patent"), U.S. Patent No. 10,026,871 ("the '871 Patent"), U.S. Patent No. 10,164,143 ("the '143 Patent"), U.S. Patent No. 11,437,540 ("the '540 Patent"), and U.S. Patent No. 11,949,052 ("the '052 Patent") (collectively the "Asserted Patents").

## THE PARTIES

1. Plaintiff admits that Nature Fresh is a Michigan corporation with a principal place of business in Delta, Ohio.

2. Plaintiff admits that ams OSRAM is organized and existing under the laws of Germany and has a principal place of business in Regensburg, Bavaria, Germany.

3. Paragraph 3 states legal conclusions to which no response is required.

## JURISDICTION AND VENUE

4. Plaintiff admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff admits that this Court has personal jurisdiction over ams OSRAM because ams OSRAM has asserted the '999, '463, '229, '871, '143, '540, and '052 Patents against Nature Fresh in this Court.

6. Plaintiff does not contest that venue is properly laid in this District.

7. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

8. Plaintiff denies that Nature Fresh is an improper party to this dispute. Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 at this time, and therefore denies those allegations.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '999 Patent)**

9. In response to Paragraph 9, Plaintiff incorporates by reference its responses to the foregoing allegations.

10. Plaintiff denies the allegations set forth in Paragraph 10.

11. Plaintiff denies the allegations set forth in Paragraph 11.

12. Plaintiff denies the allegations set forth in Paragraph 12.

13. Plaintiff denies the allegations set forth in Paragraph 13.

14. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '999 Patent)**

15. In response to Paragraph 15, Plaintiff incorporates by reference its responses to the foregoing allegations.

16. Plaintiff denies the allegations set forth in Paragraph 16.

17. Plaintiff denies the allegations set forth in Paragraph 17.

18. Plaintiff denies the allegations set forth in Paragraph 18.

19. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

20. Plaintiff denies the allegations set forth in Paragraph 20.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '463 Patent)**

21. In response to Paragraph 21, Plaintiff incorporates by reference its responses to the foregoing allegations.

22. Plaintiff denies the allegations set forth in Paragraph 22.

23. Plaintiff denies the allegations set forth in Paragraph 23.

24. Plaintiff denies the allegations set forth in Paragraph 24.

25. Plaintiff denies the allegations set forth in Paragraph 25.

26. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

## FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '463 Patent)**

27. In response to Paragraph 27, Plaintiff incorporates by reference its responses to the foregoing allegations.

28. Plaintiff denies the allegations set forth in Paragraph 28.

29. Plaintiff denies the allegations set forth in Paragraph 29.

30. Plaintiff denies the allegations set forth in Paragraph 30.

31. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

32. Plaintiff denies the allegations set forth in Paragraph 32.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '229 Patent)

33. In response to Paragraph 33, Plaintiff incorporates by reference its responses to the foregoing allegations.

34. Plaintiff denies the allegations set forth in Paragraph 34.

35. Plaintiff denies the allegations set forth in Paragraph 35.

36. Plaintiff denies the allegations set forth in Paragraph 36.

37. Plaintiff denies the allegations set forth in Paragraph 37.

38. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '229 Patent)

39. In response to Paragraph 39, Plaintiff incorporates by reference its responses to the foregoing allegations.

40. Plaintiff denies the allegations set forth in Paragraph 40.

41. Plaintiff denies the allegations set forth in Paragraph 41.

42. Plaintiff denies the allegations set forth in Paragraph 42.

43. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

44. Plaintiff denies the allegations set forth in Paragraph 44.

**SEVENTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of the '871 Patent)**

45. In response to Paragraph 45, Plaintiff incorporates by reference its responses to the foregoing allegations.

46. Plaintiff denies the allegations set forth in Paragraph 46.

47. Plaintiff denies the allegations set forth in Paragraph 47.

48. Plaintiff denies the allegations set forth in Paragraph 48.

49. Plaintiff denies the allegations set forth in Paragraph 49.

50. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

**EIGHTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Noninfringement of the '871 Patent)**

51. In response to Paragraph 51, Plaintiff incorporates by reference its responses to the foregoing allegations.

52. Plaintiff denies the allegations set forth in Paragraph 52.

53. Plaintiff denies the allegations set forth in Paragraph 53.

54. Plaintiff denies the allegations set forth in Paragraph 54.

55. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

56. Plaintiff denies the allegations set forth in Paragraph 56.

### NINTH CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '143 Patent)**

57. In response to Paragraph 57, Plaintiff incorporates by reference its responses to the foregoing allegations.

58. Plaintiff denies the allegations set forth in Paragraph 58.

59. Plaintiff denies the allegations set forth in Paragraph 59.

60. Plaintiff denies the allegations set forth in Paragraph 60.

61. Plaintiff denies the allegations set forth in Paragraph 61.

62. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

### TENTH CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '143 Patent)**

63. In response to Paragraph 63, Plaintiff incorporates by reference its responses to the foregoing allegations.

64. Plaintiff denies the allegations set forth in Paragraph 64.

65. Plaintiff denies the allegations set forth in Paragraph 65.

66. Plaintiff denies the allegations set forth in Paragraph 66.

67. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

68. Plaintiff denies the allegations set forth in Paragraph 68.

### ELEVENTH CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '540 Patent)**

69. In response to Paragraph 69, Plaintiff incorporates by reference its responses to the foregoing allegations.

70. Plaintiff denies the allegations set forth in Paragraph 70.

71. Plaintiff denies the allegations set forth in Paragraph 71.

72. Plaintiff denies the allegations set forth in Paragraph 72.

73. Plaintiff denies the allegations set forth in Paragraph 73.

74. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

### TWELFTH CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '540 Patent)**

75. In response to Paragraph 75, Plaintiff incorporates by reference its responses to the foregoing allegations.

76. Plaintiff denies the allegations set forth in Paragraph 76.

77. Plaintiff denies the allegations set forth in Paragraph 77.

78. Plaintiff denies the allegations set forth in Paragraph 78.

79. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

80. Plaintiff denies the allegations set forth in Paragraph 80.

### THIRTEENTH CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '052 Patent)**

81. In response to Paragraph 81, Plaintiff incorporates by reference its responses to the foregoing allegations.

82. Plaintiff denies the allegations set forth in Paragraph 82.

83. Plaintiff denies the allegations set forth in Paragraph 83.

84. Plaintiff denies the allegations set forth in Paragraph 84.

85. Plaintiff denies the allegations set forth in Paragraph 85.

86. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

## FOURTEENTH CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the '052 Patent)**

87. In response to Paragraph 87, Plaintiff incorporates by reference its responses to the foregoing allegations.

88. Plaintiff denies the allegations set forth in Paragraph 88.

89. Plaintiff denies the allegations set forth in Paragraph 89.

90. Plaintiff denies the allegations set forth in Paragraph 90.

91. Plaintiff admits that this dispute arises out of an actual controversy between ams OSRAM and Nature Fresh, but states that all Asserted Patents are infringed, valid, and enforceable.

92. Plaintiff denies the allegations set forth in Paragraph 92.

## PRAYER FOR RELIEF

Plaintiff denies Defendant is entitled to any relief and denies all allegations contained in Defendant's Prayer for Relief, specifically as alleged in Paragraphs A, B, C, D, and E.

**DEMAND FOR JURY TRIAL**

Plaintiff acknowledges that Defendant seeks a jury trial but denies that Defendant is entitled to the relief it seeks or any other relief. Plaintiff demands a jury trial of all issues so triable.

Dated: July 28, 2025

Respectfully Submitted,

By: */s/ Kyle R. Gerlach*
Kyle R. Gerlach (Ohio Bar # 93433)
TROUTMAN PEPPER LOCKE LLP
7456 Jager Court, Suite 7456-B
Cincinnati, OH 45230
(513) 875-6304 (direct)
kyle.gerlach@troutman.com

Mark Hannemann (NY Bar # 2770709)
TROUTMAN PEPPER LOCKE LLP
875 Third Avenue
New York, NY  10022
(212) 704-6000
mark.hannemann@troutman.com

*Attorneys for Plaintiff,*
*ams-OSRAM International GmbH*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic mail to all counsel of record in this matter on July 28, 2025.

                                              */s/ Kyle R. Gerlach*
                                              Kyle R. Gerlach (Ohio Bar # 93433)